UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC BROWN,<br><br>                              Plaintiff,<br>    v.<br>DWIGHT NEVEN et al.,<br><br>                            Defendants. | Case No. 3:14-cv-00120-MMD-WGC<br><br>ORDER |

**I.  DISCUSSION**

On March 6, 2014, Plaintiff, then a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. no. 1.) On April 16, 2014, this Court issued a screening order and stayed the case to give the parties an opportunity to settle their dispute. (Dkt. no. 3.) On July 15, 2014, Defendants filed their status report and informed the Court that Plaintiff has passed away. (Dkt. no. 8.) On September 23, 2014, Defendants filed a suggestion of death on the record with a copy of Plaintiff's death certificate. (Dkt. no. 10, 10-1.)

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within ninety (90) days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). As such, if there is no motion for substitution within ninety (90) days of the date of this order, the Court will dismiss the case.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the Court will dismiss this case in ninety (90) days if there is no motion to substitute filed pursuant to Federal Rule of Civil Procedure 25(a)(1).

It is further ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is denied as moot.

DATED THIS 24th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE