UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ERIC BROWN,

Plaintiff,

v.

DWIGHT NEVEN et al.,

Defendants.

Case No. 3:14-cv-00120-MMD-WGC

ORDER

**I.   DISCUSSION**

On March 6, 2014, Plaintiff, then a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. no. 1.) On April 16, 2014, this Court issued a screening order and stayed the case to give the parties an opportunity to settle their dispute. (Dkt. no. 3.) On July 15, 2014, Defendants filed their status report and informed the Court that Plaintiff had passed away. (Dkt. no. 8.) On September 23, 2014, Defendants filed a suggestion of death on the record with a copy of Plaintiff's death certificate. (Dkt. no. 10, 10-1.)

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The 90-day period has passed and there has been no motion for substitution. As such, the Court dismisses the case.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that the Court dismisses this case pursuant to Fed. R. Civ. P. 25(a)(1).

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

DATED THIS 2nd day of January 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE